# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 8:03CV465 |
| $124,700.00 IN UNITED STATES CURRENCY, | ) | ORDER |
| Defendant, | ) | |
| MANUEL GOMEZ, ANDRES MADRIGAL MORGAN and EMILIANO GOMEZ GONZOLEZ, | ) | |
| Claimants. | ) | |

This matter is before the court on the Claimants' Motion to Vacate and Set Aside Judgement in Favor of Plaintiff; For Entry Of Judgement In Favor Of Claimants; Or For Further Appropriate Relief (Request For Oral Argument) (Filing No. 71).

## BACKGROUND

The plaintiff brought a civil forfeiture suit against $124,700 in United States Currency seized May 28, 2003 from one of the claimants, Emiliano Gomez Gonzolez, on November 10, 2003 (Filing No. 1). The plaintiff alleged the currency was subject to forfeiture under U.S.C. § 881 (a)(6) as proceeds from the sale of controlled substance or as property used to facilitate the possession, transportation, sale concealment, receipt, or distribution of controlled substances (Filing No. 1). The claimants filed claims and answers to the complaint (Filings No. 7, 8, 9, 14, 17, 18). This court held a bench trial on December 20 and 21, 2004, and entered a judgement for the claimants on June 22, 2005 (Filing No. 49). This court found the plaintiff failed to provide sufficient evidence, under a preponderance of the evidence standard, to meet its burden of showing a substantial connection between the defendant property and a controlled substance offense. **See** Filing No. 49.

On August 18, 2005, the plaintiff appealed to the United States Eighth Circuit Court of Appeals.  **See** Filing No. 50.  On August 18, 2006, the Eighth Circuit entered a judgement reversing and remanding the judgement of this court.  **See** Filing No. 58.  After denying the Appellee's Petition for Rehearing *en banc* (Filing No. 61), the Eighth Circuit entered a Mandate reversing and remanding the decision of this court on November 27, 2006 (Filing No. 64).  On November 28, 2006, this court entered a judgment in favor of the plaintiff in accordance with the Mandate of the Eighth Circuit (Filing No. 65).

Claimants contend that they, their present counsel, Michael J. McCabe, or their former counsel, Mr. Donald Yates, did not receive notice of this court's November 28, 2006 judgment in favor of the plaintiff.  **See** Filing No. 71-3, Exhibit 2-Declaration of Michael J. McCabe.  Mr. McCabe asserts he received notice from the Eighth Circuit indicating the Mandate was sent to the Clerk of the district court on November 24, 2006.  *Id*.  Mr. McCabe contends he was expecting notice from this court as to when argument could be made, but received no notice.  *Id*.  Mr. McCabe also contends he thought Mr. Yates would notify him if Mr. Yates received any notice from this court.  *Id*.  Mr. McCabe claims he learned of this court's November 28, 2007 judgement on January 19, 2007, when he accessed the civil docket electronically.  *Id.*  Mr. McCabe also claims he contacted Mr. Yates and inquired if Mr. Yates received notice of entry of the November 28, 2007 judgement.  *Id*.  On January 22, 2007,  Mr. Yates stated he did not realize he had received notice of the judgement because it was sent to Mr. Yates's email "spam" folder that Mr. Yates does not check.  *Id.*

Mr. Yates contends he spent the next three months attempting to contact the claimants in an effort to have the claimants agree to change their attorney of record in District Court to Mr. McCabe.  **See** Filing No. 71-3, Exhibit 3-Declaration of Donald A. Yates.  Mr. Yates contacted all of the claimants.  Each claimant signed a Substitution of Attorneys in the United States District Court for the District of Nebraska to replace Mr. Yates with Mr. McCabe,  **See** Filing No. 71-3 Exhibit 4-Substitution of Attorneys.  Mr. Yates contends he was unable to present this document to Mr. McCabe until May 8, 2007.  **See** Filing No. 71-3, Exhibit 3-Declaration of Donald A. Yates.

On April 11, 2007, Mr. McCabe, filed an Application/Order admitting him *Pro Hac Vice* to the United States District Court for the District of Nebraska (Filing No. 66; **See** Filing No. 71-3 Exhibit 1).

On July 16, 2007, the claimants filed a Motion to Vacate and Set Aside Judgement In Favor of Plaintiff; For Entry of Judgement In Favor of Claimants; Or For Further Appropriate Relief (Request For Oral Argument) (Filing No. 71).  The claimants assert they are entitled to an order vacating and setting aside this court's judgement of November 28, 2007 pursuant to the provisions of Rule 60(b) of the Federal Rules of Civil Procedure, specifically sections (1) and (6).  Additionally, the claimants contend this court should enter judgement in favor of the claimants because they have met their responsive burden of demonstrating by a preponderance of the evidence the claimants are the innocent owners of the defendant currency and the currency is not traceable to drug trafficking.  Finally, the claimants request oral argument on this motion pursuant to NECivR 7.1(d).  The claimants filed a brief and index of evidence in support of their motion.

Mr. McCabe asserts the delay from January 19, 2007, to the filing of the claimants' current motion is attributed to Mr. Yates's difficulties in locating and securing consent of the claimants to substitute Mr. McCabe as their attorney of record in this court.  **See** Filing No. 71-3, Exhibit 2.  This was coupled with the necessity of Mr. McCabe submitting a properly documented Application/Order admitting him *Pro Hac Vice* to the United States District Court for the District of Nebraska.  *Id*.

On August 18, 2007, the plaintiff filed a brief in opposition to the claimants' motion (Filing No. 77).

## ANALYSIS

**A.    Rule 60 (b)**

Rule 60(b) of the Federal Rules of Civil Procedure authorizes the district court to revisit a final judgment, order, or proceeding and to grant relief to the movant under six specifically enumerated circumstances.  Rule 60(b) states in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

3

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an a opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable  or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60 (b) (2007).

Under Rule 60(b), the movant must demonstrate exceptional circumstances to justify relief." **Brooks v. Ferguson-Florissant Sch. Dist.**, 113 F.3d 903, 904 (8th Cir.1997) (**citing Atkinson v. Prudential Prop. Co.**, 43 F.3d 367, 371 (8th Cir.1994)); **see, e.g.**, **Cornell v. Nix**, 119 F.3d 1329, 1332-33 (8th Cir.1997) (Rule 60(b)(6) authorizes relief in "extraordinary circumstances").  Exceptional circumstances exist where the judgment bars adequate redress.  **Atkinson**, 43 F.3d at 373.  While relief under Rule 60(b) is "extraordinary," a Rule 60(b) motion is "committed to the sound discretion of the trial court." **MIF Realty L.P. v. Rochester Assoc.**, 92 F.3d at 752,755 (8th Cir. 1996).  As the Eighth Circuit Court of Appeals explained,

> Rule 60(b) is to be given a liberal construction so as to do substantial justice and "'to prevent the judgment from becoming a vehicle of injustice.'"  **Id**. (**quoting United States v. Walus**, 616 F.2d 283, 288 (7th Cir.1980)).  This motion is grounded in equity and exists "to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts."  **Id**. (internal quotations omitted) (alterations in original).  **See also** 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 2857, at 255 (2d ed. 1995) ("Equitable principles may be taken into account by a court in the exercise of its discretion under Rule 60(b).").

**MIF Realty**, 92 F.3d at 755-56.

A decision to grant a motion to set aside judgement under Rule 60(b)(1) due to excusable neglect is essentially an equitable one.  **Union Pacific R.R. Co. v. Progress Rail Services Corp.**, 256 F. 3d 781, 782 (8th Cir. 2001).   Factors to consider in

determining excusable neglect include the danger of prejudice to the non-moving parties, the length of the delay and its impact on the proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith.  **Pioneer Inv. Servs. Co. v. Brunswick Associs, Ltd. Partnership**, 507 U.S. 380, 395 (1993).

The Supreme Court described Rule 60(b)(6) as a rule that "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."  **Klapprott v. United States**, 335 U.S. 601, 614-15(1949), **modified** 336 U.S. 942 (1949), and **motion denied** 336 U.S. 949 (1949).  Similarly, the Court of Appeals for the Eighth Circuit stated "[t]his rule may be liberally construed to do substantial justice to allow parties to air meritorious claims in the absence of fault or prejudice."  **In re Kirwan**, 164 F.3d 1175, 1177 (8th Cir.1999) (**citing MIF Realty**, 92 F.3d at 756-57).

After consideration of the **Pioneer** factors, it is clear the claimants have not shown "extraordinary circumstances" to authorize relief in this matter.  However, these factors are not equable in weight.  The reason for the party's delay is a key consideration in the determination of whether a party's negligence is excusable.  **Lowry v. McDonnell Douglas Corp.**, 211 F. 3d 457, 463 (8th Cir. 2000).  The existence of a meritorious defense is also a relevant factor.  **Johnson v. Dayton Elec. Mfg. Co.**, 140 F. 3d 781, 784 (8th Cir. 1998).

The claimants contend the court was in error by not sending proper notice.  Notice was sent to Mr. Yates, the party of record in the district court.  Once notice was sent, the court could not control Mr. Yates's ability to read the notice.  The claimants argue that because Mr. McCabe was the attorney of record for the appellate process, the district court should have sent notice to Mr. McCabe.  According to the district court's local rules:

> Before an attorney may electronically file any pleadings, motions, or other papers with the district court, the attorney must complete and sign an attorney registration form.  This form is attached to the civil or criminal administrative procedures and is also available on the district court's Website at   www.ned.us.courts.gov/forms/indes.html>"CM/ECF Registration Form," or in the clerk's office.  Registration constitutes an attorney's consent to electronic service and waiver or the right to service by personal service or first class mail.

5

NEGenR 1.3(b)(2). Additionally, it is the attorney's duty to make an appearance either in person, by a pleading, or a written entry of appearance. **See** NEGeN R 1.3 (d). There is no evidence before the court the claimants acted in bad faith. However, to justify relief under subsection (6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay. ***Pioneer Inv. Servs.***, 507 U.S. at 393. Ignorance of the rules or mistake construing the rules does not constitute excusable neglect. ***Lowry***, 211 F. 3d at 463 (**quoting *Pioneer*** at 507 U.S. 392). Accordingly, the claimants are at fault for the delay due their failure to comply with the local rules of the district court. Mr. McCabe was aware that his case was remanded, yet failed to file an entry of appearance. It is not due to the fault or inadvertence of the district court that Mr. McCabe failed to file an entry of appearance or Mr. Yates failed to withdraw. Nor is it due to the fault or inadvertence of the district court that Mr. McCabe filed an application of admission *pro hac vice,* four months after the Mandate from the Eight Circuit and three months after he learned of the judgement entered against the claimants. The claimants' defense of ignorance of the law on the part of counsel is not meritorious and does not constitute excusable neglect. Therefore, the claimants' motion to vacate and set aside judgment under Rule 60(b) is denied.

**B.     Entry of Judgement for Claimants**

The claimants maintain they are entitled to a judgment notwithstanding the reversal of this court's initial ruling. The claimants contend the remand order of the Eighth Circuit did not direct this court to enter judgment in favor of the government. Additionally, the claimants contend the Eighth Circuit left two remaining issues for this court's resolution - whether the claimants established by a preponderance of the evidence that the defendant property was not substantially connected to drug trafficking or, whether the claimants are the innocent owners of the defendant currency. The claimants argue that because neither of these issues were addressed in this court's initial judgment, nor the Eighth Circuit's judgement, these issues must be resolved in an order for a judgement for the plaintiff.

The claimants argue that, under the Civil Asset Forfeiture Reform Act 2000 (CAFA), once the government establishes its prima facie case by preponderance of the evidence,

the burden shifts to the claimants, who must demonstrate by a preponderance of the evidence that the defendant property is not related to any illegal activities, or alternatively, the claimants are the innocent owners of the property. While this court agrees with the claimants' interpretation of the burden shift in CAFA cases, this court finds the Eighth Circuit addressed these issues by implication in its opinion. The Eight Circuit stated in their opinion "we have adopted the common-sense view that bundling and concealment of large amounts of currency, combined with other suspicious circumstances, supports a connection between money and drug trafficking." ***United States v. $124, 700 in United States Currency***, 485 F. 3d 822, 826 (8th Cir. 2006). The Eighth Circuit stated "the totality of these circumstances. . . leads most naturally to the inference that Gonzolez was involved in illegal drug activity, and that the currency was substantially connected to it." ***Id***.

Furthermore, the Eighth Circuit stated in it's Mandate, "the cause is remanded to the district court for proceedings consistent with the opinion of this court" (Filing No. 64). On remand, "a lower court may decide matters left open only insofar as they reflect proceedings consistent with the appellate court's mandate." ***Lamb Engrg. & Constr. Co. v. Nebraska Pub. Power Dist.***, 145 F. 3d 996, 998 (8th Cir. 1998). "When a case has been decided by the Eighth on appeal and remand, every question decided by the appellate court, whether expressly or by necessary implication, is finally settled and determined, thus creating a mandate for the lower court." ***In re Usery***, 242 B.R. 450, 457 (8th Cir. B.A.P. 1999) (**citing *Klein v. Arkoma Prod. Co.***, 73 F. 3d 779, 784 (8th Cir. 1996); ***Paull v. Archer-Daniels-Midland Co.***, 313 F. 2d 612, 617 (8th Cir. 1963) (**citing *Thornton v. Carter***, 109 F.2d 316, 319-20 (8th Cir.1940)); **see also *Lamb***, 145 F.3d at 998 ("Under the law of the case doctrine, the [lower] court was bound on remand to obey the Eighth Circuit's mandate and not to re-examine issues already settled by our prior panel opinion.").

For these reasons, the claimants' motion to enter judgment in their favor is denied. Accordingly,

**IT IS ORDERED:**

The Claimants' Motion to Vacate and Set Aside Judgement in Favor of Plaintiff; For Entry Of Judgement In Favor Of Claimants; Or For Further Appropriate Relief (Request For Oral Argument) (Filing No. 71) is denied.

DATED this 28th day of August, 2007.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge
